Theodore Alexander Bardy, J.
Plaintiff sues the defendant for $581.26, principal balance due on a credit card, and for an additional 20% or $116.25 counsel fees.
*2 Defendant in his answer denies owing 90% of the credit card claim made by plaintiff.
On the trial the plaintiff called the defendant solely to ask if he requested a credit card to which defendant responded affirmatively. The plaintiff then called as witness its auditor who testified that, according to the account records of the plaintiff, the defendant owed a credit card balance of $581.26 and thereupon rested.
The defendant testified that six charges dated December 16, 1973 totaling $498.63 were charges not made by him, and that said charges were due to an "unauthorized use of his credit card.” He testified that on January 23, 1974 he reported his credit card was lost and received from a Miss Berlin a number 55575 in connection with such report.
The General Business Law of the State of New York (§ 512) incorporates and makes an integral part of the State’s law with respect to credit cards the Truth in Lending Act and the regulations thereunder, enacted by the Congress (Consumer Credit Protection Act, US Code, tit 15, § 1601 et seq.).
Pursuant to subdivisions (b), (c), and (d) of section 1643 of title 15 of the United States Code, the burden of proof is on the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is on the card issuer to show that the conditions of liability for the unauthorized use of a credit card as set forth in subdivision (a) of this section, have been met.
In subdivision (a) referred to above, the conditions of liability for the unauthorized use of a credit card which plaintiff has the burden to meet are:
(a) That the defendant accepted the credit card;
(b) That the liability is not in excess of $50;
(c) That the card issuer gives adequate notice to the cardholder of the potential liability;
(d) That the card issuer has provided the cardholder with a self-addressed, prestamped notification to be mailed by the cardholder in the event of loss or theft of the credit card;
(e) That the unauthorized use occurs before the cardholder has notified the card issuer that an unauthorized use of the credit card has occurred or may occur as the result of loss, theft, or otherwise;
(f) The card issuer has provided a method whereby the user *3 of such card can be identified as the person authorized to use it.
The said section 1643 goes on further to say that "for purposes of this section, a cardholder notifies a card issuer by taking such steps as may be reasonably required in the ordinary course of business to provide the card issuer with the pertinent information whether or not any particular officer, employee, or agent of the card issuer does in fact receive such information.
The express intent of the Congress in enacting the Truth in Lending Act was to protect the consumer or cardholder against charges for unauthorized use of his or her credit card, and to limit his or her liability for such unauthorized use to a maximum of $50 providing, however, that the credit card issuer has complied with certain conditions precedent as set forth in the statute.
Certainly there is room for fraud if a cardholder is unscrupulous or dishonest, and in a multimillion dollar enterprise— such as credit extension — credit card issuers are or should be aware of the existence of individuals who are credit risks, and should make the necessary investigation prior to the issuance of credit cards.
However, the Truth in Lending Act was intended to protect the vast majority of credit cardholders who, in the main, are honest and should not be penalized for the dishonesty of a few.
Accordingly, it is the court’s opinion based upon the evidence herein and the pertinent Federal and State statutes and case law, that the limit of the defendant’s liability with respect to the unauthorized charges of December 16, 1973 totaling $498.63 — is $50. On the evidence herein, the plaintiff is entitled to the sum of $82.63 credit card charges which the defendant has not disputed, plus the additional sum of $50 (the statutory limit of liability on the unauthorized charges) as hereinbefore indicated, for a total sum of $132.63.
Judgment for the plaintiff in the sum of $132.63.