SOCIETY NATL. BANK, APPELLEE, *v.* KIENZLE, APPELLANT.

(No. 46112—Decided August 29, 1983.)

*Mr. Robert Weltman*, for appellee.
*Mr. Richard G. Kienzle, pro se.*

STILLMAN, J. Defendant credit card-holder appeals from a municipal court judgment in favor of plaintiff credit card issuer for alleged authorized transactions involving defendant's credit card. Defendant urges error in the trial court's: (1) refusal to dismiss the case for want of prosecution; (2) hearing of the action without subject matter jurisdiction; and (3) rendering defendant liable for money damages in excess of a federally imposed maximum.[1] Since we agree with defendant's assertion that he could be liable only for the maximum imposed by the federal statute, we modify the trial court's judgment accordingly.

Defendant testified at trial that he was issued a single Mastercard charge card from plaintiff. He stated that after incurring a large charge bill, he decided to cease using the card until he reduced his indebtedness. Defendant asserted that he did not use the card for approximately eight months, and that he telephoned plaintiff to notify it of his credit card's apparent theft after he discovered a cash advance on his monthly statement which he did not make.

The testimony of plaintiff's employee acknowledged defendant's telephone notification of his stolen credit card. This witness testified regarding the procedures implemented to protect against further unauthorized use of the stolen card. She stated that even though the card was listed as stolen in the bank bulletins, charges were incurred without being charged back to the respective merchant's account. The witness further stated that defendant's account had a balance due and owing of $2,431.18. Bank records indicated that defendant owed $354.54 prior to his discovery of the unauthorized cash advance.

Defendant's further testimony implicated his estranged wife as the alleged thief of his card. Plaintiff contended at trial that her use of the card was authorized. Testimony by defendant and plaintiff's employee established defendant's credit limit to be $1,000, yet evidence exhibited that $4,057.76 was charged to defendant's account.

I

Defendant's first two assignments of error challenge the trial court's jurisdiction to hear this cause of action. He argues that the trial court should not have *sua sponte* continued plaintiff's case when a representative of plaintiff failed to appear on the date set for the first trial. Alternatively, defendant asserts that since plaintiff's complaint did not allege a violation of Ohio law, and since the Federal Truth in Lending Act (Section 1601 *et seq.,* Title 15, U.S. Code) applied,

---

[1] For his three assigned errors, defendant states:

"I. The trial court committed prejudicial error when it denied the defendant/appellant's motion for dismissal for want of prosecution.

"II. The trial court erred and abused its discretion when it undertook the trial of this case. The complaint in this case does not state that any Ohio or city of Cleveland laws or ordinances were violated by the defendant. Therefore the trial court lacked jurisdiction over this case. Federal laws are involved and the case should have been tried in a federal court.

"III. The trial judge's decision in favor of the appellee violates the appellant's constitutional rights as stated in Article VI [of the United States Constitution]."

the trial court lacked jurisdiction to hear the case.

In relevant part, M.C. Sup. R. 16 states:

"(A) Continuances. No party shall be granted a continuance of a trial or a hearing without a written motion from the party or his counsel stating the reason for the continuance.

"No court shall grant a continuance to any party at any time without first setting a definite date for the trial or hearing."

The trial was originally scheduled for June 15, 1982 and was apparently continued pursuant to a letter written by counsel for plaintiff to the court. This letter was made a part of the trial court's papers, but was not filed with the court. Defendant filed a motion to dismiss for want of prosecution on October 14, 1982, due to plaintiff's alleged failure to appear for trial on September 27, 1982. Defendant's motion was overruled, during trial, on October 15, 1982, without explanation by the trial court for its alleged *sua sponte* continuance.

Rulings on continuances and motions to dismiss for failure to prosecute are matters committed to the sound discretion of the trial court. Civ. R. 41(B)(1); *Cherry* v. *B. & O. RR. Co.* (1972), 29 Ohio St. 2d 158 [58 O.O.2d 352]; *Akron* v. *Pub. Util. Comm.* (1966), 5 Ohio St. 2d 237, 241 [34 O.O.2d 467], certiorari denied *sub nom. Canton* v. *Pub. Util. Comm.* (1966), 385 U.S. 828; *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219 [6 O.O.3d 237]; *Nunes* v. *Bd. of Trustees* (March 19, 1981), Cuyahoga App. No. 42804, unreported. A trial court's decision on such matters may be reversed only if the record demonstrates that the trial court abused its discretion, *i.e.*, that the decision is arbitrary, unreasonable or unconscionable. *Klever* v. *Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491 [43 O.O. 429]; *Nunes* v. *Bd. of Trustees, supra.*

While M.C. Sup. R. 16(A) speaks in mandatory terms, which would preclude the exercise of judicial discretion, we have no indication other than defendant's self-serving allegation that a trial was ever scheduled on September 27, 1982 and continued to October 15, 1982. Additionally, M.C. Sup. R. 16(A) does not prohibit a trial court from granting a continuance *sua sponte.* The rule mandates that a *party* shall not be permitted any continuance, without a written motion stating the reasons for the continuance.

Defendant's alternative arguments are likewise lacking in merit. His dissatisfaction with the lack of any citation to Ohio law in plaintiff's complaint is an attack on the form of plaintiff's pleadings. A party need not cite the Revised Code or any other law in his civil complaint to uphold its formal validity. Such pleadings are governed by Civ. R. 8(A), which states in part:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *"

Secondly, defendant's assertion that the municipal court lacked subject matter jurisdiction because the issue was a matter of federal law is inaccurate. Article VI of the United States Constitution states in part:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

The Constitution, laws and treaties of the United States are as much a part of the law of every state as its own local laws and constitution. Their obligation is "* * * imperative upon the state judges in their official, and not merely in their

private, capacities. From the very nature of their judicial duties they would be called upon to pronounce the law applicable to the case in judgment. They were not to decide merely according to the laws or constitution of the state, but according to the constitution, laws and treaties of the United States — 'the supreme law of the land.' " *Martin* v. *Hunter's Lessee* (1816), 14 U.S. (1 Wheat.) 304, at 340-341. State courts have both the power and duty to enforce obligations arising under federal law, unless Congress gives the federal courts exclusive jurisdiction. *Claflin* v. *Houseman* (1876), 93 U.S. 130; *Testa* v. *Katt* (1947), 330 U.S. 386. State courts are bound then to give effect to federal law when it is applicable, and to disregard state law when there is a conflict. *Gibbons* v. *Ogden* (1824), 22 U.S. (9 Wheat.) 1; *Hines* v. *Davidowitz* (1941), 312 U.S. 52.

Accordingly, defendant's assertion that plaintiff sought relief in the wrong forum is not well-taken.

## II

Defendant's third alleged error asserts that at most, he was liable only to the extent mandated by the Federal Truth in Lending Act, Section 1601 *et seq.,* Title 15, U.S. Code. We agree.

Section 1643, Title 15, U.S. Code,[2] states:

"(a)(1) A cardholder shall be liable for the unauthorized use of a credit card only if—

"(A) the card is an accepted credit card;

"(B) the liability is not in excess of $50;

"(C) the card issuer gives adequate notice to the cardholder of the potential liability;

"(D) the card issuer has provided the cardholder with a description of a means by which the card issuer may be notified of loss or theft of the card, which description may be provided on the face or reverse side of the statement required by section 1637(b) of this title or on a separate notice accompanying such statement;

"(E) the unauthorized use occurs before the card issuer has been notified that an unauthorized use of the credit card has occurred or may occur as the result of loss, theft, or otherwise; and

"(F) the card issuer has provided a method whereby the user of such card can be identified as the person authorized to use it.

"(2) For purposes of this section, a card issuer has been notified when such steps as may be reasonably required in the ordinary course of business to provide the card issuer with the pertinent information have been taken, whether or not any particular officer, employee, or agent of the card issuer does in fact receive such information.

"(b) In any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is upon the card issuer to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a) of this section, have been met.

"(c) Nothing in this section imposes liability upon a cardholder for the unauthorized use of a credit card in excess of his liability for such use under other ap-

---

[2] As noted in Part I of this opinion, state courts must apply federal law. When the federal government in the exercise of its delegated powers has enacted a complete scheme of regulation, states cannot, inconsistently with the purpose of Congress, conflict or interfere with, curtail or complement the federal law, or enforce additional or auxiliary regulations. However, our legislature has not attempted to regulate anything in this area. Therefore, there is no preemption problem.

plicable law or under any agreement with the card issuer.

"(d) Except as provided in this section, a cardholder incurs no liability from the unauthorized use of a credit card."

Thus, a cardholder is liable for a limited amount if certain conditions are met and if the use of the credit card was unauthorized. Pursuant to Sections 1643(b), (c) and (d), Title 15, U.S. Code, "* * * the burden of proof is upon the card issuer to show that the use was authorized or, if the use was unauthorized, then the burden of proof is upon the card issuer to show that the conditions of liability for the unauthorized use of a credit card, as set forth in subsection (a) of this section, have been met." Section 1643(b), Title 15, U.S. Code; *First National City Bank* v. *Mullarkey* (1976), 87 Misc. 2d 1, 2, 385 N.Y.Supp. 2d 473. Accordingly, the initial determination is whether the use of a credit card is unauthorized. *Transamerica Ins. Co.* v. *Standard Oil Co.* (N.D. 1982), 325 N.W.2d 210, 213. "* * * The test for determining unauthorized use is agency, and State agency law must be used to resolve this issue." *Transamerica Ins. Co.* v. *Standard Oil Co., supra,* at 214.

In Ohio, a husband is not answerable for the acts of his wife unless the wife acts as his agent or he subsequently ratifies her acts. 28 Ohio Jurisprudence 2d 227, Husband and Wife, Section 100. In this case, there was no evidence introduced that defendant's wife acted as his agent, or that he ratified her conduct. Indeed, the transcript reveals that defendant notified plaintiff immediately after his discovery of someone else using his credit card. The transcript is devoid of any other evidence of agency or ratification. Thus, plaintiff failed in its burden of proof.

Further, if plaintiff fails to prove that the card use was authorized, defendant must elicit facts which prove the factors delineated in Section 1643(a), Title 15, U.S. Code. Based upon the testimony and evidence adduced at trial, we conclude that defendant has met the burden of proof in regard to Section 1643(a), Title 15, U.S. Code, and we must reduce the judgment rendered to the maximum delineated in that subsection — *i.e.,* fifty dollars.

Judgment modified, and affirmed as modified.

*Judgment modified, and affirmed as modified.*

O'NEILL, P.J., and DONOFRIO, J., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

O'NEILL, P.J., and DONOFRIO, J., both of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.