VILLAGE LEASING, INC., APPELLEE, *v.* SOCIETY NATIONAL BANK OF CLEVELAND, APPELLANT.

(No. 46211—Decided March 12, 1984.)

*Messrs. Newman & Newman* and *Mr. Joseph L. Newman,* for appellee.
*Messrs. Thompson, Hine & Flory, Mr. S. Stuart Eilers* and *Mr. Michael P. Cannon,* for appellant.

FLANAGAN, J. On January 18, 1980, plaintiff-appellee, Village Leasing, Inc. (Village), filed an action in the Cuyahoga County Court of Common Pleas against the defendant-appellant, Society National Bank. Village, a customer of Society, sought to recover amounts debited to its account as a result of Society's acceptance and payment on five checks forged by one of Village's employees and drawn on Village's account over a period of one year.[1] In January 1980, Village discovered the forgeries and then reported them to Society by submitting an affidavit with a demand that Society recredit Village's account for the sum of five forged checks. Society, however, refused to do so, asserting that the forgeries were the result of Village's negligence.

The case was tried to a judge who decided that Village was entitled to recover the sum of $16,500 for the three forged checks prepared in December 1979, but that Village was not entitled to recover on the two forged checks prepared on October 5, 1979 and December 15, 1978.

Thereafter, Society filed a timely notice of appeal and presented the following assignments of error for review.

Assignments of Error

"I. The trial court committed prejudicial error and rendered a judgment (contrary to law) in finding that plaintiff's claim against defendant was for breach of contract.

"II. The trial court committed prejudicial error and rendered a judgment contrary to law in finding that plaintiff's claim against defendant was not barred by the applicable provisions of the Ohio Uniform Code.

"III. The trial court erred and

___

[1] Village sought to recover on the following five checks:

| Date | Check No. | Amount |
|---|---|---|
| 12-11-79 | 6499 | $ 8,500 |
| 12-20-79 | 6500 | 4,500 |
| 12-21-79 | 6496 | 3,500 |
| 10- 5-79 | 6100 | 8,200 |
| 12-15-78 | 5023 | 14,131 |

rendered a judgment contrary to the manifest weight of the evidence."

Assignment of Error No. 1:

Society contends that the trial court erred in finding that Village's claim against Society was a breach of contract action only. We agree.

R.C. 1301.03[2] makes it clear that the relationship between the bank (Society) and the bank-customer (Village) is based upon both contractual and statutory principles. Hence, the trial court's utilization of contract law only in deciding this case was contrary to law.

Assignments of Error Nos. II and III:

Society contends that the trial court's judgment was contrary to law and against the manifest weight of the evidence. In particular, Society claims that the trial court's factual determinations concerning the following factual issues were erroneous: Did Village substantially contribute to the making of the forged checks so that its entire claim is barred under the Revised Code? Did Village fail to properly report the forgeries to Society so that Village's entire claim is barred under the Revised Code? Did Society exercise ordinary care and act in good faith in making payment on the forged checks so that Village's entire claim against Society is barred under the Revised Code?

Having examined the record, we agree that the foregoing issues are pertinent to the ultimate resolution of this case. However, since the trial court utilized only contract law instead of the Revised Code in resolving the case, it failed to make factual determinations on these factual issues. Consequently, we have no factual determinations to review to determine if there is a substantial evidentiary basis for them. Lastly, we cannot, as a matter of law, make these factual determinations. The reasons are obvious. Without proper direction on the relevant law, the parties failed to fully address and fully develop the evidence on these pertinent issues. The evidence presented on these issues was conflicting and to a great extent rested on the credibility of the witnesses. Needless to say, the trial judge is always in a better position to assess the credibility issues. In view thereof, we agree that the trial court's judgment is contrary to law and hence reverse and remand this case for a new trial to be decided in accordance with the following principles of law.

Under R.C. 1303.42,[3] if a bank customer's negligence substantially contributes to the making of a forgery, he is precluded from asserting that forgery against the bank.

Under R.C. 1304.29(A),[4] a duty is

---

[2] R.C. 1301.03 provides:

"Unless displaced by the particular provisions of Chapters 1301., 1302., 1303., 1304., 1305., 1306., 1307., 1308., and 1309. of the Revised Code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions."

[3] R.C. 1303.42 provides:

"Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from

asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business."

[4] R.C. 1304.29(A) provides:

"When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine

imposed on a bank customer to promptly review his bank statements and cancelled checks to discover and report a forgery to the bank.

Under R.C. 1304.29(B)(1),[5] if the bank establishes that the bank customer failed (with respect to an item) to comply with the duty imposed under 1304.29(A), the negligent bank customer is precluded from asserting the forgery against the bank.

Under R.C. 1304.29(B)(2),[6] a bank customer has a reasonable time, not exceeding fourteen days, to discover and report the forgery to the bank. A bank customer's failure to act within this period precludes him from asserting subsequent forgeries against the bank on any items paid by the bank in good faith.

Under R.C. 1304.29(C),[7] however, the bank is precluded from asserting the negligence of its bank customer under R.C. 1304.29(B) if the bank is also negligent in paying the item.

Under R.C. 1304.29(D),[8] the bank

customer (regardless of his negligence and the bank's negligence) must discover and report the forgery within one year from the time the statements and items are made available to him or he is forever barred from asserting the forgery against the bank.

Having set forth the foregoing principles of law, we remand this case for a new trial.

Reversed and remanded.

*Judgment reversed and cause remanded.*

HOFSTETTER, P.J., and WRIGHT, J., concur.

HOFSTETTER, P.J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

WRIGHT, J., of the Court of Common Pleas of Franklin County, and FLANAGAN, J., of the Court of Common

---

the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after the discovery thereof."

[5] R.C. 1304.29(B)(1) provides:
"If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by division (A) of this section, the customer is precluded from asserting against the bank:
"(1) his unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure;"

[6] R.C. 1304.29(B)(2) provides:
"If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by division (A) of this section, the customer is precluded from asserting against the bank:
"(2) an unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank

after the first item and statement was available to the customer for a reasonable period not exceeding fourteen calendar days and before the bank receives notification from the customer of any such unauthorized signature or alteration."

[7] R.C. 1304.29(C) provides:
"The preclusion under division (B) of this section does not apply if the customer establishes lack of ordinary care on the part of the bank in paying the item."

[8] R.C. 1304.29(D) provides:
"Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration."

Pleas of Cuyahoga County, sitting by assignment in the Eighth Appellate District.