ED STINN CHEVROLET, INC., APPELLEE, v. NATIONAL CITY BANK, APPELLANT.

[Cite as Ed Stinn Chevrolet, Inc. v. Natl. City Bank (1987), 31 Ohio St. 3d 150.]

(No. 86-205—Decided July 1, 1987.)

*Berkman, Gordon, Murray & Palda, J. Michael Murray* and *Lorraine R. Baumgardner,* for appellee.

*Jones, Day, Reavis & Pogue, Robert J. Hoerner, Kathleen B. Burke* and *Jon A. Christensen,* for appellant.

*Per Curiam.* Upon rehearing this cause originally reported at 28 Ohio St. 3d 221, 28 OBR 305, 503 N.E. 2d 524, the court concludes that, as a matter of law, there was an insufficient showing of bad faith as required by said opinion. Accordingly, appellee may not recover consequential damages herein and final judgment is entered for the appellant bank.

*Judgment accordingly.*

MARKUS, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, Acting C.J., LOCHER and DOUGLAS, JJ., dissent.

SWEENEY, J., sitting for MOYER, C.J.

MARKUS, J., of the Eighth Appellate District, sitting for SWEENEY, J.

HOLMES, J., concurring. As pointed out in my original concurring opinion, 28 Ohio St. 3d at 240, 28 OBR at 321, 503 N.E. 2d at 540, a finding of bad faith on the part of National City Bank is a prerequisite to an award of consequential damages under R.C. 1304.03(E). There could be no award of such damages here because there was no assertion or showing of bad faith of the bank in these transactions. Further, there was a showing by the bank that it exercised ordinary care in the subject transactions.

Additionally, the assertion of the prior majority that the common-law rule of *Hadley* v. *Baxendale* (1854), 9 Exch. 341, 156 Eng. Rep. 145, would provide a basis for the allowance of consequential damages as being within the contemplation of the parties in the contract for banking services, is a most unfounded one. Such a common-law rule is now superceded by the adoption in Ohio of the rules contained within the Uniform Commercial Code. The UCC would permit the parties to specifically provide for such damages, but none were so provided here.

Because the case before us requires the proper application of the UCC rules which the prior majority opinion had failed to do, and because the *per curiam* opinion here properly applies such UCC standards, I am able to concur.

LOCHER, J., dissenting. I am unable to agree with the majority's disposition of this case upon rehearing. In my opinion, the cause should have been remanded to the trial court for further consideration of the issues of bad faith and consequential damages.

The trial court never made any findings on consequential damages or the existence of bad faith. Thus, the record before us was not sufficiently developed for this court to conclude that there was no bad faith on the part of the bank, and that therefore there can be no award of consequential damages.

Furthermore, as the court of appeals correctly held, the trial court erred *ab initio* by resolving the case on comparative negligence rather than contractual principles. In *Cincinnati Ins. Co.* v. *First National Bank* (1980), 63 Ohio St. 2d 220, 17 O.O. 3d 136, 407 N.E. 2d 519, we stated that the relationship between a bank and its customers is contractual in nature, and therefore governed by the Ohio Uniform Commercial Code, R.C. Chapter 1304. Remanding the case to the trial court would allow it to ap-

ply the proper Uniform Commercial Code standards to the issue of damages.

Because I believe these issues would be better resolved by the trier of fact, I must respectfully dissent.

SWEENEY and DOUGLAS, JJ., concur in the foregoing dissenting opinion.