## Rapp v.
## Nationwide Mutual Ins. Co.
*[Cite as 8 AOA 548]*

*Case No. 90AP-448*
*Franklin County, (10th)*
*Decided November 20, 1990*

*Frank A. Ray and Frank E. Todaro, Frank A. Ray Co., L.P.A., for Appellees.*

*John C. Albert, William H. Jones and Michael R. Henry, Crabbe, Brown, Jones, Potts & Schmidt, for Appellants.*

McCORMAC, J.

Defendants-appellants, Nationwide Mutual Insurance Company and E. Stuart Rogers, appeal the judgment of the Franklin County Court of Common Pleas in favor of plaintiffs-appellees, Edwin Rapp, Executor of the Estate of Ruth L. Rapp, et al., and raise the following assignments of error:

*"Assignment of Error I*
"I. THE DECEDENT'S EXECUTION OF THE REJECTION STATEMENT EFFECTED REJECTION AND REDUCTION FOR APPELLEE AND THE LOWER COURT ERRED IN NOT SO FINDING.

*"Assignment of Error II*
"II. APPELLANTS ARE ENTITLED TO JUDGMENT BECAUSE THE UNDERINSURED MOTORIST COVERAGE DOES NOT APPLY TO APPELLEE'S CLAIM.

*"Assignment of Error III*
## "III. APPELLEE'S CLAIM IS DERIVED SOLELY FROM THE DEATH OF HIS WIFE AND, THEREFORE, IS RESTRICTED TO THE LIABILITY LIMITS WHICH SHE CHOSE."

Edwin Rapp's wife was killed in an automobile collision on June 29, 1983. At the time of the collision, Rapp and the decedent were jointly named insureds under a collision and liability policy sold by appellant Rogers and written by appellant Nationwide. The tortfeasor carried liability insurance with Grange Mutual Insurance Company with policy limits of $50,000 per person. Grange surrendered the policy limits to appellees and the funds have been placed in escrow pending the outcome of this litigation. Rapp's policy contained liability coverage in the amount of $100,000 per person and $300,000 per occurrence. The issue in this action is the amount of underinsured coverage extended by the policy to Rapp and his decedent.

In June 1975, Rapp, as the only named insured, had uninsured motorist coverage with Nationwide in the amounts of $12,500 per person and $25,000 per occurrence. In late 1975, Nationwide began offering operational underinsured coverage and, on January 21, 1976, Rapp, still as the only named insured, purchased underinsured and uninsured coverage in the amounts of $25,000 per person and $50,000 per occurrence. At the beginning of the next six-month renewal period, the decedent was added as a named insured and she requested that appellant Rogers, as Nationwide's agent, increase the underinsured coverage to $100,000/$300,000. Some twenty-eight days later, the decedent changed her mind and instructed Rogers to decrease the underinsured coverage to $12,500/$25,000. The decedent signed a rejection statement evidencing this change but her husband, Edwin Rapp, did not sign this statement. The parties stipulated that if Rapp was called to testify he would state that the decedent never had a specific or general power of attorney to act in his behalf and that he never authorized decedent to act in his behalf when she signed the underinsured rejection statement.

After the June 1983 fatal collision, Rapp presented a claim to Nationwide for payment under his underinsured coverage. Rapp based his claim upon a belief that the underinsured policy limit was $100,000 per person. Nationwide rejected this claim after which Rapp commenced this action seeking declaratory and monetary relief. The case was submitted on briefs and stipulations of fact after which the trial court ruled in favor of Rapp.

By its first assignment of error, Nationwide argues that the trial court erred by failing to find that an agency relationship existed between Rapp and his decedent wife. Nationwide contends that, when the decedent executed the written waiver reducing underinsured coverage to $12,500/$25,000 in July 1976, she was acting as the agent of her husband and that he is bound by her actions.

Generally, a husband will not be bound by the acts of his wife unless an agency relationship exists between the two. *Society Natl. Bank v. Kienzle* (1983), 11 Ohio App. 3d 178. Agency may be created in many manners, including an express grant of authority or an act of the principal giving rise to an appearance of authority commonly known as an agency by estoppel. It is conceded that there is no proof that the decedent was expressly granted authority by Rapp. Thus, this issue involves a determination of whether there was apparent authority or agency by estoppel. In order to establish agency by estoppel, the principal must hold the agent out to the public as possessing that authority that the agent is attempting to exercise, or that the principal knowingly permits the agent to act as though such authority exists. *Blackwell v. Internatl. Union, U.A.W.* (1983), 9 Ohio App. 3d 179. Furthermore, the person dealing with the agent, acting in good faith, must reasonably believe that the agent possesses authority. *Logsdon v. The ABCO Construction Co.* (1956), 103 Ohio App. 233.

Rapp successfully argued to the trial court that the decedent was his agent for purposes of increasing coverage but that she was not his agent for decreasing coverage. Rapp advanced this unusual proposition based upon the theory that fairness and due process require a more stringent standard to be applied when determining if a reduction in coverage has been effectuated. We are unpersuaded by this differentiation. Either an agency relationship for purposes of effecting insurance coverage existed between Rapp and his spouse or it did not exist.

When determining if an agency by estoppel exists, it is the acts or omissions of the

principal, not the agent, which must be reviewed. *Jones v. People's Bank Co.* (1917), 95 Ohio St. 253; *Logsdon, supra.* In his deposition, Rapp stated that sometimes both he and his wife would speak with their agent about changes in coverage. Rapp also claimed that even though his wife usually kept the books he would sometimes write checks to pay for the insurance even though he could not recall what his underinsured policy limits were. Agent Rogers stated that Rapp's wife was the one who always handled insurance matters rather than Rapp or Rapp with his spouse. Considering the testimony concerning the acts of the alleged principal, Rapp, we find that the issue of agency by estoppel was a factual dispute for the trial court depending upon the credibility of Rapp's testimony. Thus, the trial court did not abuse its discretion in rejecting the proposition that Rapp's wife had apparent authority to bind Rapp to a change in his insurance coverage. However, the trial court found an agency relationship for one act and not for a second act which was separated by a mere twenty-eight days. There is no evidence to suggest that Rapp represented to Rogers, prior to July 2, that his wife had authority to act for him, and then that he changed his position in the interim to revoke that authority.

The second issue concerns the reasonableness of the third-party's reliance on the agent's apparent authority. Regardless of which version of the uninsured motorist statute is relied upon, both speak in terms of "each named insured." Each named insured must be offered the protection under the 1980 version of R.C. 3937.181 and each named insured must reject or accept the coverage under the 1982 enactment of R.C. 3937.18. Based upon the clear requirement of each version of these statutes, it is not an unreasonable imposition upon an insurer to require each party named on the insurance policy to manifest his choice regarding underinsured coverage, absent an express grant of authority to another person to make the choice for him.

Appellants' first assignment of error is overruled because the waiver signed by the decedent was properly found to be insufficient to effectuate a reduction in the underinsured policy limits.

Nationwide secondly contends that, if no agency is found, the policy limits must revert back to those originally chosen by Rapp and that, since those limits were identical to the limits of the tortfeasor's coverage, no recovery can be had.

Prior to the 1980 passage of Amended Substitute House Bill No. 22, requiring insurance companies to offer underinsured coverage, appellee had purchased optional coverage in the amounts of $50,000 per person and $100,000 per occurrence. In 1980, R.C. 3937.181 was enacted by House Bill No. 22 which mandated the offering of underinsured coverage in amounts equal to the liability limits currently maintained by the policyholder unless the insurer already provided coverage in a different amount. R.C. 3937.181 did not require that a written rejection be obtained by the insurance company. Therefore, Rapp maintained underinsured coverage in the amounts of $50,000 per person and $100,000 per occurrence in 1980.

In 1982, R.C. 3937.181 was repealed and incorporated with revisions into R.C. 3937.18. R.C. 3937.18 has no effect on this action, even if it does apply, since its provisions regarding coverage limits were the same as those provided by R.C. 3937.181. Under R.C. 3937.18, the policyholder must be offered coverage equal to his liability limits and must expressly reject or accept the coverage unless there was coverage of a different amount enforced at the time R.C. 3937.18 became effective. Thus, despite statutory changes, Rapp's policy continued to be in effect with underinsured limits of $50,000 per person and $100,000 per occurrence without the necessity of being given a further opportunity to reject or accept the coverage.

We have previously concluded that the decedent's actions were ineffective in changing the policy limits. Thus, it follows that, at the time of the fatal accident, the applicable underinsured limits of Rapp's policy with Nationwide was $50,000/$100,000. It is undisputed that the tortfeasor carried liability insurance in the amount of $50,000. Therefore, Rapp and the tortfeasor had identical coverage. By definition, a tortfeasor is underinsured only if his liability coverage is less than that of the amount of underinsured coverage carried by the claimant. Since the amounts are equal, Rapp is not entitled to receive further compensation under the underinsured provision of his policy with Nationwide.

Appellants' second assignment of error is sustained.

Lastly, Nationwide argues, in support of its third assignment of error, that the decedent voluntarily chose limits of $12,500/$25,000 and that, since Rapp's claim is derivative in nature, he is restricted to the limits chosen by the decedent. Rapp argues, supported by *Wood v. Shepard* (1988), 38 Ohio St. 3d 86, that his claim is not derivative and that his underinsured limits apply.

Nationwide's argument is not well-taken. The beneficiary of a wrongful death claim is entitled to the benefit of his underinsured coverage as his claim is not derivative, but direct. However, his coverage provides no claim against Nationwide as previously explained.

Appellants' third assignment of error is overruled.

Appellants' first and third assignments of error are overruled, and appellants' second assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded to the trial court with instructions to grant final judgment for appellants.

*Judgment reversed and*
*case remanded.*

WHITESIDE and BRYANT, J.J., concur.