OPINION
Defendants Oren Gordon Asher and Cynthia Ann Asher appeal a judgment of the Court of Common Pleas of Licking County, Ohio, finding they breached the terms of their contract with plaintiff The Casual Shops, Inc. Appellants assign two errors to the trial court:
ASSIGNMENTS OF ERROR
 THE TRIAL COURT'S DECISION THAT THE DEFENDANT-APPELLANTS HAD MADE DEFAULT UNDER THE LAND CONTRACT IS CONTRARY TO LAW.
 THE REMEDY FASHIONED BY THE TRIAL COURT IS CONTRARY TO LAW.
The record indicates in April of 1992, the parties entered into a land contract wherein appellee agreed to sell its night club business, including realty, to appellants. The contract called for monthly installments against the unpaid balance, and further provided appellants would pay insurance premiums and pro-rated real estate taxes. Appellant discovered they could not pay the real estate taxes because the taxes were delinquent, and the county treasurer would apply any payment to back taxes until either the delinquency was paid or appellee entered into a written payment plan with the county treasurer. The parties then modified their agreement to provide for a higher monthly installment payment in lieu of direct payment of the taxes. Appellants concede they rarely made their payments on time, but argue appellee accepted late payments for 44 months before declaring them in default and regaining possession of the real estate and control of the business. Appellants concede they owed insurance premiums, and had not paid the unemployment premium to the Ohio Bureau of Employment Services or the real property taxes. At the time appellee regained possession, the unpaid real property tax, penalties, and interest was $14,096.01.
After appellee regained possession, it brought this suit against appellants seeking forfeiture of their interest in the property, forfeiture of their payments, and other monetary damages. The trial court found in favor of appellee, and awarded it forfeiture of the property and the previously paid installment payments under the liquidated damages clause. The court also awarded a monetary judgment for the purchase price installments and insurance premiums which were in arrears, along with the unpaid OBES contributions and real property taxes.
 I
In their first assignment of error, appellants argue the trial court was incorrect as a matter of law in finding they defaulted on the land contract agreement. Appellants argue the land contract does not say time of performance is of the essence, and the parties had established a pattern of performance which permitted late payments. Appellants assert appellee had accepted late payments in the past, and this, coupled with the absence of a provision of the contract making time of the essence, prohibits the court from finding the purpose of the contract was defeated by late payments.
Appellants also argue the contract between the parties did not require them to pay unemployment contributions to OBES, and while appellee held the liquor permit for the nightclub, appellee was by law the employer of all persons working at the premises named in the permit. Appellants argue neither the contract nor Ohio law required appellants to pay the unemployment contributions to OBES.
In its well-reasoned decision, the trial court found appellants' testimony showed appellants had been in default of the payments virtually from the date of the execution of the contract. The appellants were in default of the payments on the contract price for the sale of the property, were in default on insurance payments, and were in default on the real estate taxes. The court found contrary to appellants' assertion, appellee entered into a payment plan with the Licking County Treasurer which permitted appellants to pay their real estate payments, but appellants fell into default in excess of $14,000.00 by the time appellee intervened and re-took possession. The court found even if appellants were partially prevented from paying the real estate taxes directly to the county treasurer, nevertheless, appellants were not prevented from paying the taxes directly to appellee.
Regarding the unemployment taxes, the court found although the contract was silent on the issue, it was undisputed the appellants operated the business, including the hiring, firing, and directing all the employees. The appellant set the salaries and paid the payroll, and appellee had no control or supervisory power over the operation of the business or the management of the employees. The court further found appellants' paid some, although not all, of the employment assessments. The court found the parties' intent was for appellants to be liable for the taxes, and appellants actually did pay some of the taxes. The court also found appellants fraudulently created a receipt to deceive appellee into believing appellants had paid all the employment taxes. The court found this behavior demonstrated it was the responsibility of the appellants to pay the assessment and their failure to do so placed them in default.
Appellants argue they are bound solely by the written land contract agreement, and appellee may not produce parole evidence to create a new contract by demonstrating an intent not expressed in the clear language of the contract, see Alexander v. BuckeyePipeline Company (1978), 53 Ohio St.2d 241. In Aultman HospitalAssociation v. Community Mutual Insurance Company (1989), 46 Ohio St.3d 51, the Ohio Supreme Court directed courts to construe unambiguous contracts in accord with the plain language of the contract.
The trial court found according to the clear language of the contract, appellants were in default on payments on the contract price and on the insurance. Because the contract fails to specify which party is obligated to pay the OBES liability, to that extent, we find the contract between the parties was ambiguous, and the trial court could look to parole evidence, including the conduct of the parties, in order to assign responsibility as the parties intended. Appellants clearly behaved as though they believed they were responsible for the OBES taxes. We find the trial court did not err in holding appellants had breached the terms of the land contract, and were in default.
The first assignment of error is overruled.
 II
In their second assignment of error, appellants argue liquidated damages are the measure of recovery, and no further recovery may be had. The land contract provided the installment payments already made should be retained by the seller as rent for the premises and as liquidated damages. The trial court permitted appellees to retain the monies already received, and awarded an additional $49,110.04 as further damages. The trial court noted the appellants correctly cited Curtis v. Factory Site Company
(1919), 12 Ohio App. 148, as authority for the proposition a court should disregard the usual forfeiture clause in a land contract upon failure of the purchaser to perform at the specified time, unless the failure is intentional or results in loss to the vender which cannot be compensated by interest. The court agreed with the general principle expressed in Curtis, but found it was "manifestly inequitable" to permit the appellants to remain in possession. The court found the property must be forfeited and the monies already paid be retained by the appellee. The contract between the parties permitted the appellee to accelerate the entire balance of the purchase price in case of default, and this would require a judgment of approximately $301,000.00. The court found it would be unconscionable to permit appellee to receive the property and the entire contract price, and did not enforce the acceleration clause.
Nevertheless, the court found appellee was entitled to damages beyond return of the property. For this reason, the court awarded appellee the back, unpaid installments on the contract, plus the amount owed for the insurance premiums, the real estate taxes, and the OBES employment liability, all of which appellee had paid. The court found these amounts totaled $49,110.04.
The agreement between the parties provided if the land contract were in default, the payments due up to that time would be deemed rent and liquidated damages. The appellants had the benefit of profits, tax deductions, and a partial sub-lease of the premises during the entire period, and the trial court found it was appropriate for them to pay the back installments due as rent for the time appellants were in possession. It is also undisputed appellee eventually paid the real estate taxes, insurance, and maintenance expenses, and OBES obligations.
Under Ohio law, appellee is entitled to be placed by the court in the same position as if the contract has been fully performed, and if necessary, consequential damages may be awarded upon a showing of bad faith, Ed Stinn Chevrolet v. National CityBank (1986), 28 Ohio St.3d 221, modified (1987), 31 Ohio St.3d 150. The trial court here did not make a finding of bad faith. Consequential damages are losses resulting from particular requirements or needs of the parties which were within the contemplation of the parties when they entered into the contract, see Ed Stinn, supra. The damages awarded by the trial court in the case at bar are not consequential, but are part of the liquidated damage total.
We find the trial court did not err in refusing to enforce the acceleration clause, and in ordering appellants to reimburse appellee for its out of pocket monies expended to discharge appellants' various liabilities, and to pay the installment amount due under the contract but not paid prior to the termination of the contract.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.